# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 19-60485
Summary Calendar

Phi Thanh Doan,

*Petitioner*,

*versus*

Jeffrey A. Rosen, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A042 197 741

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Phi Thanh Doan, a native and citizen of Vietnam, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reconsider after concluding that he failed to demonstrate that he pursued his rights diligently and thus was not entitled to equitable tolling of the period

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60485

to file his motion to reconsider. Doan argues that the BIA abused its discretion in determining that he was not entitled to equitable tolling. Because Doan does not challenge the BIA's decision not to exercise its sua sponte authority, he has abandoned that claim. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

As an initial matter, the Government argues that we lack jurisdiction over the petition for review because Doan is removable for having committed an aggravated felony and he has not raised a cognizable constitutional claim or question of law. However, because there is no dispute as to the underlying facts, the due diligence inquiry is properly construed as a question of law over which we have jurisdiction. *See Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020), *petition for cert. filed* (U.S. Nov. 18, 2020) (No. 20-716).

We review the denial of a motion to reconsider under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

A motion to reconsider an order of removal must be filed within 30 days of the entry of the order. 8 U.S.C. § 1229a(c)(6)(B). We have held that statutory motions to reopen are subject to equitable tolling, *see Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016), and Doan asserts that equitable tolling principles likewise apply to motions to reconsider. Even if Doan is correct in that regard, he has offered no explanation of why it took him more than a year to discover that a change in the law meant that he may no longer be removable for having been convicted of an aggravated felony nor did he provide the BIA with any facts or corroborative evidence. *See Flores-Moreno*, 971 F.3d at 545; *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017). Accordingly, the BIA did not abuse its discretion in concluding that Doan failed to pursue his rights diligently. *See Flores-Moreno*, 971 F.3d at 545.

Based upon the foregoing, the petition for review is DENIED.