# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2021

Lyle W. Cayce
Clerk

No. 20-60011
Summary Calendar

Rosa Luz Rivera-Fiallos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 836 449

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Rosa Luz Rivera-Fiallos, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's denial of her motion to reopen and rescind her in absentia order of removal. Rivera-Fiallos argues that she is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60011

entitled to reopening and rescission of her order of removal because, as she attested in her affidavit, she did not receive notice of her removal proceedings. Because she does not challenge the BIA's determination that she was not a minor when she entered the United States and that the notice to appear was not defective, she has abandoned review of those issues. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). An in absentia order of removal may be rescinded if an alien demonstrates that she did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii).

While a motion to reopen focuses on whether the alien actually received the necessary notice and not whether the notice was properly mailed, there is a presumption of effective service when a notice of hearing is sent by regular mail. *Nunez v. Sessions*, 882 F.3d 499, 506 (5th Cir. 2018). In determining whether this presumption is rebutted, "'all relevant evidence,' both direct and circumstantial, should be considered." *Navarrete-Lopez v. Barr*, 919 F.3d 951, 954 (5th Cir. 2019) (quoting *Matter of M-R-A-,* 24 I. & N. Dec. 665, 674-75 (BIA 2008)). Because the BIA properly considered the totality of the circumstances in determining that Rivera-Fiallos failed to rebut the presumption of receipt, the BIA did not abuse its discretion in upholding the denial of the motion to reopen. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 150-51 (5th Cir. 2018).

Accordingly, the petition for review is DENIED. The Government's motion for summary disposition, which is docketed as a motion for summary affirmance, is DENIED as moot.

2