# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

No. 09-60061
Summary Calendar

Charles R. Fulbruge III
Clerk

DARIO CASTILLO-GONZÁLEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 948 327

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dario Castillo-González ("Castillo") petitions for review from the Board of Immigration Appeals' ("BIA") final decision denying his motion to reconsider its earlier denial of his motion to remand for consideration of his application for cancellation of removal. Castillo argues that the BIA erroneously concluded that the Immigration Judge ("IJ") found him statutorily ineligible for cancellation of removal because he had not demonstrated a ten-year uninterrupted presence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60061

the United States. Because the BIA did not abuse its considerable discretion when it denied Castillo's motion to reconsider, we deny Castillo's petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2007, Castillo, a Mexican native and citizen, received a Notice to Appear ("NTA") charging him with removability for illegally entering the country and placing him into removal proceedings.[1] Castillo proceeded to a hearing before an IJ where he admitted most of the factual allegations in the NTA. Castillo asserted that he entered the United States in 1993, although he submitted no evidence to support this contention. The IJ sustained the charge of entering without inspection, and Castillo requested discretionary cancellation of removal for nonlawful permanent residents under 8 U.S.C. § 1229b(b)(1).

In response to Castillo's request, the Government submitted a Record of Deportable Alien ("Form I-213") stating that Castillo last entered the United States illegally in January 2005 and had previously entered the United States in April 1998, after which he was voluntarily returned to Mexico in September 1998.[2] According to an earlier Form I-213, dated September 18, 1998, police arrested Castillo in Waco, Texas for "Murder Intention Death, Failure to Stop & Render Aid" after Castillo struck his ex-girlfriend with a car while driving drunk.[3] This earlier Form I-213 indicated that Castillo stated that he illegally entered the United States in 1995.

---

[1] The NTA also charged Castillo with removability for his 1998 conviction for deadly conduct, a crime of moral turpitude. The Government withdrew this charge.

[2] The Government also submitted additional documents demonstrating Castillo's 1998 departure from the country, including a Notice of Rights, dated September 18, 1998; a Record of Inadmissible Alien, dated September 18, 1998; an Immigration Detainer—Notice of Action; a biographical data entry; a fingerprint card; and a printout of Castillo's biographical information entered into the Deportable Alien Control System ("DACS") database.

[3] According to the Record, Castillo's ex-girlfriend survived the accident. It is unclear why Castillo was arrested for a homicide offense.

No. 09-60061

The Government also produced a Notice of Rights ("Form I-826") which the Department of Homeland Security ("DHS") had served on Castillo after his 1998 arrest. This Form I-826, which bore Castillo's signature and was dated September 18, 1998, stated that Castillo had entered the United States illegally, and advised him of his right to either request a hearing before an IJ to determine whether he may remain in the country, or to return to Mexico as soon as possible without a hearing. The Form I-826 also advised Castillo of his right to contact an attorney, informing him that, should he request counsel, the officer serving him the form would provide a list of legal organizations that would provide representation at no cost or for a minimal fee. On the Form I-826, Castillo initialed the paragraph that read:

> I admit that I am in the United States illegally, and I do not feel that I will be in danger if I return to my country. I waive my right to a hearing before the Immigration Court. I wish to return to my country as soon as arrangements can be made for my departure. I understand that I may be detained until my departure.

According to a DACS printout that the Government produced and which documented Castillo's biographical information, Castillo left the United States for Mexico the same day he signed the Form I-826.

In support of his request for cancellation of removal, Castillo explained to the IJ that his "wife," Maria Reyes Garcia,[4] was a naturalized United States citizen. At this point, the IJ noted that the Form I-826 seemed to indicate that Castillo's departure in 1998 cut off the ten-year uninterrupted period necessary for the IJ to consider cancelling Castillo's removal. The IJ continued the hearing in order to secure a Spanish translator so that the IJ could question Castillo about the Form I-826 and ascertain whether it interrupted Castillo's period of physical presence in the United States.

_____

[4] During the hearing, Reyes Garcia was referred to as "Ramirez," the surname of her then husband.

3

No. 09-60061

When the hearing resumed, Castillo withdrew his request for cancellation of removal after he informed the IJ that Reyes Garcia had never officially divorced her first husband, which left Castillo without a statutorily-required qualifying relative. Castillo requested a continuance so that Reyes Garcia could finalize her divorce and formalize her and Castillo's common law marriage. The IJ denied the request for a continuance, citing several issues demonstrating that Castillo was not *prima facie* eligible for cancellation.

Castillo then requested that the IJ permit his post-merits voluntary departure under 8 U.S.C. § 1229c(b). The IJ granted a continuance to allow Reyes Garcia to testify in support of Castillo's request. Once the hearing resumed, Castillo, testifying through a Spanish interpreter, admitted to numerous arrests and convictions, and conceded that in 1998, he "was thrown back" to Mexico. He also acknowledged that the Form I-826 waiving his right to a hearing contained his signature, although he testified that he did not remember signing it. When asked whether he understood or had the Form I-826 explained to him, Castillo testified that DHS agents explained "some things," but that he did not understand them because the agents spoke in English. He did, however, testify that at the time he signed the Form I-826, he wished to leave the United States and return to Mexico.

After Castillo finished testifying, he renewed his request for a continuance pending Reyes Garcia's divorce proceedings, which he claimed would "arguably" make him statutorily eligible for cancellation of removal. The IJ responded that "I don't see it [sic] at this point that he would be eligible to have cancellation of removal," and opined that she had sufficient evidence of a break in the ten year continuous period based on Castillo's signed renunciation of rights. Although Castillo argued that questions remained as to whether an interruption occurred because he did not seem to understand his rights upon his 1998 departure, the IJ responded that the Government had produced contrary evidence concerning

4

No. 09-60061

that matter, and declined to further continue the proceedings. Although the IJ had initially continued the hearings to allow Reyes Garcia to testify, the IJ determined that she did not need any information not already in Reyes Garcia's previously-submitted affidavit.

The IJ rendered an oral decision denying Castillo's request for another continuance, pretermitting his request for cancellation of removal, denying voluntary departure, and ordering him removed to Mexico on the charge in the NTA. In reference to Castillo's cancellation request, the IJ found that Castillo was not presently eligible because he had no qualifying relative as required by 8 U.S.C. § 1229b(b)(1)(D). The IJ also denied Castillo's request for a continuance because Castillo had an issue as to whether he could satisfy the statutory ten-year continuous presence requirement, and summarized the evidence tending to show Castillo's 1998 departure from the United States. Based on that information, the IJ determined that at the time, there did not exist enough evidence in the record to conclude that Castillo had either the requisite qualifying relative or ten years continuous presence to statutorily authorize him for cancellation of removal. Although Castillo met the statutory requirements for voluntary departure, the IJ exercised her discretion to deny Castillo's request.

Castillo filed an appeal with the BIA, contending that the IJ deprived him of due process by denying voluntary departure without allowing Reyes Garcia the chance to testify. After briefing, but prior to the BIA's decision, Reyes Garcia finalized her divorce and formalized her common-law marriage to Castillo, providing him with a qualifying relative. Castillo filed a motion to remand to the IJ so that she could rule on his renewed request for cancellation of removal, arguing that the IJ never made any conclusive findings as to his eligibility other than his lack of a qualifying relative.

No. 09-60061

The BIA dismissed the appeal, concluding that the IJ did not err when it denied his request for voluntary departure.  The BIA also denied Castillo's motion for remand, finding that despite Castillo's recent familial developments, the IJ had also found Castillo statutorily ineligible for cancellation of removal because he could not prove the requisite period of continuous presence, and that the IJ's finding as to this matter was dispositive.

Castillo filed a motion to reconsider with the BIA, arguing that the BIA erred when it concluded that the IJ found him statutorily ineligible based on his failure to demonstrate the statutorily-required ten years of uninterrupted physical presence.  Castillo acknowledged that the IJ expressed doubt in his ability to do so when considering whether to grant his request for a continuance.  Castillo argued, however, that the IJ did not find that he lacked ten years continuous presence as a basis for pretermitting his cancellation request, and that the IJ never conducted a full evidentiary examination of the issue.

The BIA denied the motion for reconsideration, rejecting Castillo's argument that he did not have the chance to present evidence as to his physical presence.  In support, the BIA cited Castillo's testimony where he admitted his desire to return to Mexico in 1998 when provided the opportunity.  The BIA found no merit in Castillo's argument that it had erred when it stated that the IJ had found that Castillo could not meet the physical presence requirement. This petition followed.

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1252.  We review the BIA's denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard."  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted).  We must affirm the BIA's decision "[s]o long as [the Board's decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any

6

perceptible rational approach." *Id.* (citation omitted) (alteration in original). We review the BIA's "legal conclusions *de novo* unless a conclusion embodies the [BIA's] interpretation of an ambiguous provision of a statute that it administers; a conclusion of the latter type is entitled to the deference prescribed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* [467 U.S. 837 (1984)]." *Id.* (internal citation omitted).

### III. ANALYSIS

A motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority."    8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1).  To qualify for discretionary cancellation of removal as a nonpermenant resident, an alien must demonstrate ten years of continuous physical presence immediately preceding the date of his or her application, good moral character during that period, no criminal convictions for offenses covered under certain provisions of the Immigration and Nationality Act, and "exceptional and extremely unusual hardship" to a United States citizen or lawful permanent resident spouse, parent, or child.  8 U.S.C. § 1229b(b).   As a matter of discretion, the Attorney General may deny cancellation even if an alien establishes statutory eligibility.  *Id.* § 1229b(b)(1).

"[A] period of continuous physical presence is terminated whenever . . . the alien has voluntarily departed under the threat of deportation."  8 C.F.R. § 1240.64(b)(3).  The BIA denied Castillo's motion to reconsider its denial of his motion for remand, stating that the IJ found that Castillo had been unable to meet the physical presence requirement for cancellation of removal, and noted that the finding was dispositive.  Castillo argues that the BIA's refusal to reconsider its denial of his motion for remand violates his right to due process, mischaracterizes the record, and prevented him from presenting evidence on his own behalf.  Castillo's arguments are without merit.

Because the Attorney General has discretion to grant or deny a request for cancellation of removal, Castillo cannot claim either a liberty or property interest giving rise to a due process violation. *See Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003). Although "[t]he Fifth Amendment entitles aliens to due process of law in deportation proceedings," *Reno v. Flores*, 507 U.S. 292, 306 (1993), we have held that "[e]ligibility for discretionary relief from a removal order is not 'a liberty or property interest warranting due process protection.'" *Mireles-Valdez*, 349 F.3d at 219 (quoting *United States v. Calderon-Pena*, 339 F.3d 320, 324 (5th Cir. 2003), *vacated on other grounds*, 383 F.3d 254 (en banc)). Therefore, Castillo's due process claim fails.

Castillo's claim that the BIA erroneously concluded that the IJ found that there existed an interruption in his continuous presence also fails. The IJ's oral decision stated that "there is insufficient evidence at this time in the record to support that [Castillo] would be statutorily eligible for cancellation of removal . . . [f]or lack of continuous physical presence as well as lack of a qualifying relative as required by statute." Based on this language, we cannot say that the BIA abused its considerable discretion in denying Castillo's motion to reconsider his previously denied request for remand.

Finally, we note that the BIA's disposition did not violate Castillo's right to present evidence on his own behalf. In the context of his testimony regarding his request for voluntary departure, the IJ questioned Castillo extensively regarding his 1998 return to Mexico. Castillo admitted that he was sent back to Mexico in 1998, that he wished to leave the United States at that time, and that he had signed a Form I-826 waiving his right to a hearing and agreeing to leave the country. Based on his testimony, the IJ stated that "I think I already have enough evidence that there was a break in the presence in the United States because I've got a signed renunciation of rights."

In response to Castillo's claim that he did not understand his renunciation, the IJ stated that "there's evidence that contradicts his testimony as far as that goes." Although the IJ made this comment in the context of a denial of a continuance, Castillo had notice of the physical presence issue, and prior to the denial, Castillo's counsel questioned him as to the nature of his 1998 departure. Castillo has not indicated what, if anything, he would offer in addition to his previous testimony to dispute the contention that there was a break in his continuous presence in the United States. On the contrary, Castillo would have to change the answers to his sworn testimony in order to demonstrate statutory eligibility for cancellation of removal. We cannot say that the BIA's denial of Castillo's motion to reconsider violated Castillo's right to present evidence on his own behalf.

## IV.  CONCLUSION

Castillo has not demonstrated that the BIA abused its considerable discretion when it denied his motion to reconsider its previous denial of his motion to remand. We therefore deny his petition for review.

DENIED.