# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-60825

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2017

Lyle W. Cayce
Clerk

MARIA DE LOS ANGELES LOWE, Also Known as Maria Lowe-Alarcon,
Also Known as Maria Alarcon Cervantes,

Petitioner,

versus

JEFFERSON B. SESSIONS III, U.S. Attorney General,

Respondent.

————

Petition for Review of an Order of
the Board of Immigration Appeals

————

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Maria Lowe petitions for review of an order of the Board of Immigration
Appeals ("BIA" or "Board") denying a motion to reconsider her motion to re-
open. Finding no error, we deny the petition.

## I.

Lowe is a native and citizen of Mexico who entered the United States

unlawfully in 1996. In 2007, she received an adjustment of immigration status from illegal alien to lawful permanent resident. In October 2010, she was convicted of aiding and abetting the improper entry of an alien.

The Department of Homeland Security ("DHS") began removal proceedings against Lowe. Under 8 U.S.C. § 1227(a)(1)(E)(i), aliens are removable who "prior to the date of entry, at the time of any entry, or within 5 years of the date of any entry[ ] knowingly [ ] encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." DHS alleged that Lowe's conviction of aiding and abetting qualified under § 1227 and that, though she physically entered the United States in 1996, her adjustment of status constituted "entry," as a matter of law, for purposes of the statute.

At her removal hearing before an immigration judge ("IJ"), Lowe admitted to being a citizen of Mexico and to having her status adjusted in 2007; she contested her 2010 conviction. The IJ determined that the adjustment of status in 2007 constituted Lowe's entry and that the conviction rendered her removable. Lowe appealed to the BIA and, importantly, contended only that her conviction did not qualify under Section 1227. The BIA rejected that theory and dismissed the appeal in March 2015.

Lowe did not petition for review of that decision. Instead, in June 2015 she filed a motion to reopen with the BIA. She asserted ineffective assistance of counsel ("IAC"), claiming that her original counsel had performed ineffectively by failing to argue that her only date of entry was her initial 1996 entry and that her 2007 adjustment of status did not count as an entry. The BIA rejected that theory and denied the motion to reopen in August 2015.

Lowe filed a motion for reconsideration, which reasserted her ineffective-assistance and date-of-entry arguments, and the BIA again denied those

No. 15-60825

claims, this time in October 2015. Lowe then filed the instant petition for review, pressing only her claim that the BIA erred in rejecting her argument as to the date of entry.

II.

It is important to remember that we are not evaluating the merits of Lowe's arguments. Instead, we decide only whether her motion to reconsider in regard to her subsequent motion to reopen was improvidently denied.

"The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board[,]" and "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R § 1003.2(a). Thus, the standards for review of such motions are extremely deferential.[1] "We review the Board's denial of both a motion to reopen and a motion for reconsideration under a highly deferential abuse-of-discretion standard."[2] We uphold the decision if it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* Legal conclusions are reviewed *de novo* "unless a conclusion embodies the Board's interpretation of an ambiguous provision of a statute that it administers." *Id.* In that event, we accord *Chevron* deference. *Id.*

---

[1] *See INS v. Abudu*, 485 U.S. 94, 105–10 (1988) (utilizing the abuse-of-discretion standard to review a motion to reopen); *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (using an abuse-of-discretion standard for both a motion to reconsider and a motion to remand); *see also Barahona-Cardona v. Holder*, 417 F. App'x 397, 398 (5th Cir. 2011) ("A motion to reopen is reviewed under a highly deferential abuse-of-discretion standard."); *Castillo-Gonzalez v. Holder*, 363 F. App'x 283, 287 (5th Cir. 2010) (reviewing a motion to reconsider for abuse-of-discretion); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) ("In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard.").

[2] *Singh*, 436 F.3d at 487 (internal quotation marks omitted) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005)).

No. 15-60825

Section 1003.2 is the regulation governing motions to reconsider or re-open proceedings before the BIA. Section 1003.2(b)(1) requires "[a] motion to reconsider [to] state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." The "prior Board decision" was Lowe's motion to reopen.

Section 1003.2(c)(1) deals specifically with motions to reopen; it requires that "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." Similarly, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." *Id.*

This would seem to be fatal to Lowe's motion to reopen—she presents no new evidence or new facts in her motion to reopen, her motion to reconsider, or her appeal.[3] There is, however, another means of pressing a motion to reopen—through an IAC claim.[4] It follows that Lowe's IAC claims provided an

---

[3] *See, e.g.*, *Matter of Ige*, 20 I. & N. Dec. 880, 883 (BIA 1994) ("A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and must be supported by affidavits or other evidence.").

[4] *See Matter of Lozada*, 19 I. & N. Dec. 637, 638–39 (BIA 1988) (permitting IAC claims on motions to reopen). But there is some doubt whether IAC claims can be properly brought on a motion to reopen. In *Matter of Compean* (*Compean I*), 24 I & N. Dec. 710 (A.G. 2009), Attorney General Mukasey overruled *Lozada*, finding that there was no right to effective assistance in removal hearings because there was no constitutional right to counsel in immigration proceedings. *Compean I*, 24 I & N at 714. Attorney General Holder overruled *Compean I* some six months later, restoring the *Lozada* regime. *See Matter of Compean*, 25 I. & N. Dec. 1, 1–3 (A.G. 2009). General Holder also directed the Executive Office for Immigration Review to come up with "a revised framework for reviewing claims of ineffective assistance of counsel in immigration proceedings." *Id.* at 2. As of January 2016, that rulemaking proceeding was still pending. *See* American Immigration Council, Practice Advisory 1–2 n.4 (Jan. 2016), https://www.americanimmigrationcouncil.org/sites/default/files/research/-seeking_remedies_for_ineffective_assistance_of_counsel_in_immigration_cases_practice_ad visory.pdf. Regardless, the BIA considered the IAC claim.

4

initial basis for her motion to reopen.

But there is still an insurmountable obstacle for Lowe: She has waived this claim before this court. In both her motion to reopen and her motion to reconsider in the BIA, Lowe specifically alleged IAC, then proceeded to discuss the merits of the IJ's initial decision regarding the timing of her entry. In her briefing in this court, by contrast, Lowe alludes to her IAC claims only as part of the recitation of facts in her opening brief and does not mention them at all in her petition for review. Failure to brief an issue on appeal constitutes waiver.[5] That circumstance dictates the result. Again, we are examining a motion to reconsider an initial motion to reopen. Valid grounds for motions to reopen include new facts or evidence, *see Ige*, 20 I. & N. Dec. at 883, or IAC, *see Lozada*, 19 I. & N. Dec. at 638–39, but Lowe presents only claims of legal error. We could generously characterize those arguments as going to whether she was prejudiced by her counsel's alleged ineffective assistance, but that still leaves Lowe's briefing devoid of evidence or argument that her counsel was ineffective. We therefore make no ruling on the merits, including Lowe's argument regarding time of entry.

The petition for review is DENIED.

\* \* \* \*

STEPHEN A. HIGGINSON, Circuit Judge, dissenting:

Because this court's review is typically "confined to the BIA's analysis and reasoning," *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010), I respectfully disagree with the majority's waiver analysis. Had Lowe

---

[5] *See, e.g., United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

briefed the *Lozada* elements, we would not likely have considered them because the BIA's rationale for denying Lowe's motion did not grapple with those arguments, either. *See id.*; *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) ("[W]e are not permitted to consider reasons [for affirming the BIA] other than those [the BIA] advanced."). Rather, the BIA denied Lowe's motion to reconsider because in its view it had correctly determined her adjustment of status was an "entry" into the United States. That conclusion, however, flouts our precedents. *See Marques v. Lynch*, 834 F.3d 549 (5th Cir. 2016); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008). I would therefore grant the petition.