# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2019

Lyle W. Cayce
Clerk

JAVIER ENRIQUE GUERRA PORTILLO; MARIELA JOSEFINA PARRA GARCIA; JONAS DAVID GUERRA PARRA; JEANVIER ENMANUEL GUERRA PARRA,

Petitioners

v.

MATTHEW G. WHITAKER, Acting U.S. Attorney General,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 352 525
BIA No.  A087 352 526
BIA No. A087 352 527
BIA No. A087 352 528

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Javier Enrique Guerra Portillo, along with his wife, Mariela Josefina Parra Garcia, and their two children, Jonas David Guerra Parra and Jeanvier Enmanuel Guerra Parra, petition this court for review of the decision of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60122

Board of Immigration Appeals (BIA) denying their motion to reopen. They argue that the BIA erred in concluding that they did not present new, material evidence showing that they would be singled out for persecution based on their Jehovah's Witness religion and their political neutrality. They also argue that the BIA erred in concluding that they failed to make a prima facie showing of eligibility for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

This court reviews the denial of a motion to reopen under the "highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). The court will "uphold the decision if it 'is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (citation omitted). The court will affirm the BIA's factual findings "unless the evidence 'compels a contrary conclusion.'" *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (citation omitted.)

A petitioner may file a motion to reopen beyond the 90-day limitations period if the motion is based on changed country conditions and the petitioner submits "new facts" supported by "material" evidence that was unavailable or undiscoverable at the prior proceeding. 8 C.F.R. § 1003.2(c)(1)-(3); 8 U.S.C. § 1229a(c)(7)(C)(ii). To establish changed country conditions, the petitioner must present evidence showing "a meaningful comparison" between conditions in his home country at the time of the motion to reopen versus the time of the removal hearing. *Nunez*, 882 F.3d at 508.

The BIA did not abuse its discretion in denying the petitioners' motion to reopen. *See Lugo-Resendez*, 831 F.3d at 340. Although they submitted

No. 18-60122

evidence concerning the political and economic turmoil in Venezuela, they did not present new, material evidence demonstrating that they would be individually singled out for persecution based on their Jehovah's Witness religion or their political neutrality.  They did present evidence to support their claim that the Government had threatened to cut off food supplies to anti-government protestors; however, this evidence did not establish that the Government had actually done so or that it would cut off food supplies to citizens who remained politically neutral.  Other than his own affidavit, Guerra Portillo also did not present evidence or sources to support his allegation that the Government had implemented a system of providing identification documents only to its supporters, which are required to obtain food and medicine.  While the petitioners argue that the BIA failed to consider the entire record, they did not identify any specific evidence in the record that directly supports their claim that they would be targeted because of their religious beliefs or their political neutrality.  Because the BIA did not abuse its discretion in denying their motion to reopen, this court need not reach the petitioners' claims concerning their eligibility for asylum, withholding of removal, and relief under the Convention Against Torture.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Ogbemudia v. INS*, 988 F.2d 595, 601 (5th Cir. 1993).

Accordingly, the petition for review is DENIED.