# United States Court of Appeals for the Fifth Circuit

No. 19-60895
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2021

Lyle W. Cayce
Clerk

Jose Adrian Tejada-Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 097 743 553

Before Smith, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Tejada-Reyes, a native and citizen of Guatemala, petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal from the denial of his motion to reopen. He avers that an incorrect legal standard was applied to his motion to reopen and that he made a *prima*

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60895

*facie* showing of eligibility for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") entitling him to reopening. By not addressing them in his appellate brief, Tejada-Reyes has abandoned review of his claims regarding equitable tolling, improper notice of the consequences of failing to appear, *sua sponte* reopening, and due process. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). A motion to reopen may be denied for failure to demonstrate *prima facie* eligibility for relief. *INS v. Doherty*, 502 U.S. 314, 323 (1992). To make a *prima facie* showing of eligibility for asylum, withholding of removal, or protection under the CAT, the movant must demonstrate a reasonable likelihood that he has met the requirements for relief. *Guevara Flores v. INS*, 786 F.2d 1242, 1247 (5th Cir. 1986).

The BIA did not abuse its discretion in determining that Tejada-Reyes was not held to a heightened *prima facie* standard of eligibility. Despite his assertions to the contrary, he was not required to make a conclusive showing of persecution and instead was merely required to demonstrate that "the evidence reveal[ed] a reasonable likelihood that the statutory requirements for relief have been satisfied."

The BIA did not abuse its discretion in determining that Tejada-Reyes failed to make a *prima facie* showing of eligibility for asylum and withholding of removal. To establish eligibility for asylum, an applicant must prove that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). "[A]lthough a statutorily protected ground need not be

the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (alteration in original) (quoting *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016)). Although Tejada-Reyes claims that a central reason for his persecution was his political opinion, the record reflects that he was merely subjected to economic extortion, which is not a cognizable form of persecution. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019).

The BIA did not abuse its discretion in determining that Tejada-Reyes failed to make a *prima facie* showing of entitlement to protection under the CAT. To establish that entitlement, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Despite his claims to the contrary, Tejada-Reyes is unable to show a reasonable likelihood of torture by the Guatemalan police because his brother and mother have continued to reside there without incident and because he was initially targeted on account of his ability to pay and the record reflects that he no longer has any business interests in Guatemala.

The petition for review is DENIED.