# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2021

Lyle W. Cayce
Clerk

No. 20-60021
Summary Calendar

Aristeo Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 096 457

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Aristeo Sanchez, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen. He argues that (1) his motion to reopen is timely and not numerically barred because he is entitled to equitable tolling; (2) the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60021

erred in failing to address his argument that he did not receive proper notice of his proceedings; (3) the immigration judge lacked jurisdiction to order him removed; (4) the BIA erred in failing to consider whether he was eligible for cancellation of removal; (5) the BIA erred in not sua sponte reopening his proceedings; and (6) the BIA erroneously ignored his argument that his due process rights were violated. Sanchez also has filed a motion to remand, arguing that, in light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), he is newly eligible for cancellation of removal.

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

The BIA did not abuse its discretion in determining that Sanchez received proper notice of his master hearing because a notice to appear is sufficient to commence immigration proceedings in the absence of a specific time and date of an initial hearing.[1] *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-91 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez*, 141 S. Ct. at 1479-80; *see also Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021).

Further, the BIA did not abuse its discretion in determining that Sanchez was not entitled to equitable tolling. An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)). Although Sanchez

---

[1] Despite Sanchez's assertions to the contrary, the BIA explicitly rejected this argument.

argues that the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), constitutes an extraordinary circumstance warranting equitable tolling, his reliance is unavailing because, as discussed above, he received proper notice of his hearing. *See Pierre-Paul*, 930 F.3d at 689-91. Because the BIA did not abuse its discretion in determining that the motion to reopen was untimely and numerically barred, we need not address Sanchez's arguments that the BIA erred in failing to address his eligibility for cancellation of removal and that he is statutorily eligible for such relief. *See Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

We lack jurisdiction to review the portion of Sanchez's petition seeking review of the BIA's decision not to exercise its authority to sua sponte reopen the case. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

Finally, because Sanchez received proper notice of his removal hearing and he actually attended the hearing, he is unable to demonstrate that his due process rights were violated when the notice to appear failed to specify the time and date of an initial hearing. *See Pierre-Paul*, 930 F.3d at 689-91.

The petition for review is DENIED IN PART and DISMISSED IN PART. The motion to remand is also DENIED.