# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 21-60326
Summary Calendar

Georges Sallah Lembou,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A207 366 356

Before Jolly, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Georges Sallah Lembou, a native and citizen of Gabon, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motions for reconsideration and reopening. Sallah Lembou contends that the BIA erred by not appropriately considering that his physical injuries and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

mental disorientation affected his ability to diligently pursue his rights and caused exceptional circumstances warranting equitable tolling of the filing deadlines. Sallah Lembou further argues that his positive equities, potential eligibility for adjustment of status, and volatile medical and mental predicament justified sua sponte reopening and that the BIA's failure to exercise its sua sponte authority was an abuse of discretion and equated to a deprivation of his due process rights and his right to a fair hearing.

We review denials of motions to reopen and reconsider removal proceedings under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 & n.1 (5th Cir. 2017). It is uncontested that Sallah Lembou's motion to reconsider was untimely and that his motion to reopen was untimely and numerically barred. *See* 8 U.S.C. § 1229a(c)(6)(B), (c)(7); 8 C.F.R. § 1003.2(b)-(c). To obtain equitable tolling of the time and numeric limits, a movant must establish (1) that he pursued his rights diligently and "(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

The BIA did not abuse its discretion in determining that Sallah Lembou was not entitled to equitable tolling. *See id.* at 344-45. Nothing in the record shows "an extraordinary circumstance beyond [Sallah Lembou's] control [that] prevented him from complying with the applicable deadline." *Id.* at 344 (internal quotation marks omitted). Moreover, the BIA's decision does not reflect an unacceptably harsh application of equitable tolling. *Id.* at 345.

To the extent Sallah Lembou argues that the BIA abused its discretion in failing to exercise its sua sponte authority to reopen the proceedings, we lack jurisdiction to review that portion of Sallah Lembou's petition. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). To the

extent that he raises a due process claim based on the BIA's refusal to exercise its sua sponte authority to reopen the proceedings, there is no liberty interest in a motion to reopen; thus, Sallah Lembou cannot establish a due process violation. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550-51 (5th Cir. 2006).

The petition for review is DENIED IN PART and DISMISSED IN PART.