# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 20-60223
Summary Calendar

Lemuel Alcides Garcia-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 273 715

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Lemuel Alcides Garcia-Sanchez, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his motion to reopen.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60223

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). To establish a claim of ineffective assistance, a petitioner must demonstrate substantial prejudice resulting from counsel's deficient performance. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). Proving substantial prejudice requires a prima facie showing that the allegedly deficient performance affected the outcome of the proceedings. *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020). Because Garcia-Sanchez has failed to identify any errors in the immigration judge's determination that he was not entitled to asylum, withholding of removal, or protection under the CAT, he is unable to demonstrate that his attorney's allegedly deficient performance affected the outcome of his proceedings. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). Accordingly, the BIA did not abuse its discretion in dismissing Garcia-Sanchez's appeal.

Based upon the foregoing, the petition for review is DENIED.