# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 20-60578
Summary Calendar

Jose Fernando Resendez Ramos, *also known as* Jose Resendes Ramos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 025 367

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Jose Fernando Resendez Ramos, a native and citizen of Mexico, has filed a petition for review, challenging the Board of Immigration Appeals (BIA) order denying his motion to reconsider its decision affirming the denial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60578

of his motion to terminate the removal proceedings. According to Resendez Ramos, the BIA erroneously found that he was conditionally paroled under § 236(a)(2)(B) of the Immigration and Nationality Act (INA) given the record evidence that the Department of Homeland Security (DHS) intended to grant him humanitarian parole under § 212(d)(5)(A) of the INA. Resendez Ramos also asks this court to grant him a stay of removal. This court reviews the BIA's denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted).

Although Resendez Ramos received a Form I-94, which is typically provided to aliens granted humanitarian parole, the form "does not contain the stamp, as required by regulation, indicating that [Resendez Ramos] was granted parole under [§] 212(d)(5)(A)" of the INA. *Matter of Castillo-Padilla*, 25 I. & N. Dec. 257, 262 (BIA 2010); *see also* 8 C.F.R. § 235.1(h)(2). Instead, the Form I-94 "contains a stamp that explicitly states that [Resendez Ramos] was released from custody after posting a [$1,500] bond and appears to merely memorialize his release on bond." *Castillo-Padilla*, 25 I. & N. Dec. at 262. Further, "there was no determination that he should be permitted to come into the country temporarily for urgent humanitarian reasons or significant public benefit." *Id*. at 261; *see* 8 U.S.C. § 1182(d)(5)(A). "Thus, although [Resendez Ramos] did receive a Form I-94, there is no evidence to indicate that the Government intended to parole him into the United States pursuant to [§] 212(d)(5)(A)." *Castillo-Padilla*, 25 I. & N. Dec. at 262. Given the "highly deferential" standard of review, it cannot be said that the BIA abused its discretion in denying the motion to reconsider after deciding that Resendez Ramos's release from DHS custody pending the resolution of his removal proceedings was consistent with conditional parole under § 236(a) of the INA. *See Lowe*, 872 F.3d at 715.

No. 20-60578

Resendez Ramos also asks this court to grant him a stay of removal. Based on the foregoing, however, he has failed to make the requisite "strong showing that he is likely to succeed on the merits" to be entitled to a stay of the removal proceedings. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Resendez Ramos's petition for review is DENIED. His motion for a stay of removal is likewise DENIED.