# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 21-60055
Summary Calendar

———————

Jeovana Alegandra Zelaya-Esquivel,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A099 676 015

————————————————————

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Jeovana Alegandra Zelaya-Esquivel was ordered removed *in absentia* after being charged in a notice to appear with removability as a native and citizen of Honduras who entered the United States without being admitted or paroled. She now petitions for review of an order by the Board of

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60055

Immigration Appeals ("BIA") affirming the denial of her motion to reopen and rescind her *in absentia* order of removal.

Zelaya-Esquivel contends that she was not properly served with the notice to appear. While the Government argues that this argument is unexhausted, it is properly before this court because the BIA addressed on the merits whether service of a notice to appear on a fourteen-year-old was proper. *See Ibrahim v. Garland*, 19 F.4th 819, 825 (5th Cir. 2021). Moreover, because Zelaya-Esquivel does not challenge the determination that she was not entitled to reopening based on changed country conditions, she has abandoned any challenge to that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the denial of a motion to reopen under a "highly deferential" abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (quotation marks and citation omitted). An *in absentia* order of removal may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice" of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). Despite her assertions that service was improper, we have held that a notice to appear can be properly served on a minor who has reached the age of fourteen. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010). Because there is no dispute that Zelaya-Esquivel was at least fourteen years old when she was served with the notice to appear, the BIA did not abuse its discretion in determining that she received proper notice of her removal proceedings.

The petition for review is DENIED.