# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2022

Lyle W. Cayce
Clerk

No. 21-60630
Summary Calendar

---

Javier Antonio Molina-Ponce,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A099 666 542

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Javier Antonio Molina-Ponce, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider the BIA's denial of his motion to reopen his removal proceedings.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60630

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). Legal conclusions are reviewed *de novo*. *Id.* Molina-Ponce argues that his untimely-filed motion to reconsider should be equitably tolled. He also argues that the BIA erred in not exercising its *sua sponte* authority under Section 1003.2(a) to reconsider its decision. However, this court lacks the jurisdiction to review the BIA's discretionary decisions under Section 1003.2(a). *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

It appears that Molina-Ponce is attempting to circumvent the jurisdictional bar regarding his motion to reconsider by requesting equitable tolling. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 343 (5th Cir. 2016). This court, though, still lacks jurisdiction on that issue because he failed to exhaust his administrative remedies by not sufficiently raising it before the BIA first. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

The petition for review is DISMISSED.