# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2022

Lyle W. Cayce
Clerk

No. 21-60464
Summary Calendar

Walter Alberto Campos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 720 323

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Walter Alberto Campos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen. He contends the BIA erred in: determining he failed to demonstrate changed country conditions; and declining to reopen *sua sponte*.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

The denial of a motion to reopen is reviewed understandably "under a highly deferential abuse-of-discretion standard". *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). A motion to reopen based on a request for certain forms of relief, such as asylum, may be filed at any time if the alien presents evidence of changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii).

"In determining whether there has been a material change in country conditions [to warrant reopening], the BIA compares the evidence of country conditions submitted with the motion to those that existed at the time of [removal]". *Mejia v. Whitaker*, 913 F.3d 482, 489 (5th Cir. 2019) (citation omitted). Because Campos has failed to compare, "in any meaningful way", the conditions in El Salvador at the time of his removal hearing to the conditions when he filed his motion to reopen, he has failed to show he presented material evidence of changed country conditions. *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating issues not briefed are abandoned). Moreover, his evidence demonstrating he suffers from a serious medical issue only amounts to a change in personal circumstances which does not constitute a changed country condition. *See* § 1229a(c)(7)(C)(ii); *Nunez v. Sessions*, 882 F.3d 499, 509 (5th Cir. 2018) (explaining that "showing a change in personal circumstances is . . . insufficient to show a change in country conditions"). Accordingly, the BIA did not abuse its discretion in determining Campos was not entitled to reopening based on changed country conditions. *See Mejia*, 913 F.3d at 491.

Although Campos asserts the BIA also erred by refusing to reopen his proceedings *sua sponte*, our court lacks jurisdiction to review the BIA's decision. *See Id.* at 490 (explaining decision to reopen *sua sponte* is discretionary and court lacks jurisdiction to consider it).

DISMISSED in part; DENIED in part.