# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 21-60138
Summary Calendar
_____

Rosa Del Carmen Gonzales-De Valle,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 376 173

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rosa Del Carmen Gonzales-De Valle, a native and citizen of El Salvador, has filed a petition seeking review of a decision of the Board of Immigration Appeals (BIA) denying her motion to reconsider its decision affirming an Immigration Judge's (IJ) denial of her application for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT).

This court reviews the BIA's denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). As long as the BIA's decision "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," it will be upheld. *Id.* (internal quotation marks and citation omitted).

Gonzales-De Valle argues that the BIA erred in rejecting her motion to reconsider as an attempt to relitigate claims that could have been raised in her initial appeal of the decision of the IJ. She contends that the BIA based its particular social group (PSG) analysis on a change in the law that she could not have foreseen when she filed her brief, and it was therefore proper for her to challenge the BIA's analysis in her motion for reconsideration.

The BIA rejected Gonzales-De Valle's proposed PSG of "lower-class Salvadoran women who have refused a forced sexual relationship with a gang member" as impermissibly defined by the harm directed at its members. The BIA noted that, while her appeal was pending, the Attorney General had overruled *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), and had concluded that, to be cognizable, a PSG must exist independently of the harm asserted in the asylum application. *See Matter of A-B-*, 27 I. & N. Dec. 316, 316 (A.G. 2018) (*A-B- I*).

*Matter of A-B- I* has since been vacated, however, and the Attorney General has instructed IJs and the BIA to follow pre-*A-B- I* precedent, including *Matter of A-R-C-G-*, under which some PSGs based on domestic violence were recognized. *See Matter of A-B-*, 28 I & N. Dec. 307, 309 (A.G.

2021) (*A-B- III*).  Gonzales-De Valle argues that because *Matter of A-R-C-G-* has been reinstated as precedent, the BIA erred in rejecting her proposed PSG.  In a recent decision, however, this court pointed out that it "has consistently refused to recognize [PSGs] defined primarily by the persecution they suffer," and it declared that it will continue to do so even after the reinstatement of *Matter of A-R-C-G-*.  *Jaco v. Garland*, 24 F.4th 395, 405 n.4 (5th Cir. 2021).  Thus, even with the reinstatement of *Matter of A-R-C-G-*, Gonzales-De Valle cannot prevail on her PSG.  *See id.*

Gonzales-De Valle next argues that the BIA erred in failing to conduct a de novo review of the proposed PSG of "Salvadoran women."  She admits, however, that the social group submitted to the BIA on reconsideration "was different" than the group she proposed before the IJ during her removal proceedings and before the BIA on appeal.  Nonetheless, Gonzales-De Valle argues that her attorney articulated the PSG of "Salvadoran women" during her closing statement before the IJ.

Though counsel did argue in closing that being a female in El Salvador made Gonzales-De Valle more vulnerable, that does not suffice.  *See Matter of W Y C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018); *see also Cantarero-Lagos v. Barr*, 924 F.3d 145, 150-52 (5th Cir. 2019).  Gonzales-De Valle was represented by counsel in her proceedings before the IJ, and counsel was given the opportunity to articulate the parameters of the PSG that Gonzales-De Valle was proposing at the outset of the hearing.  *See Matter of W-Y-C-*, 27 I. & N. Dec. at 191-93.  Counsel confirmed the previously identified PSG of "lower-class Salvadoran women who have refused a forced sexual relationship with a gang member," and, when the IJ asked if she had other PSGs to add, counsel stated "we're going to go forward with this one."  Gonzales-De Valle has therefore failed to show that the BIA abused its discretion by declining to consider her proposed PSG of "Salvadoran

women" on reconsideration. *See Lowe*, 872 F.3d at 715. In any event, even if the BIA did err by failing to consider this particular social group, a remand would be improper because it would be futile. *See Jaco*, 24 F.4th at 406. The class "Salvadoran women" is even "less particularized" than other proposed particular social groups that we have rejected for being not "sufficiently particularized." *Id.* at 407 (holding that the group "Honduran women unable to leave their relationships" was not "sufficiently particularized").

Finally, Gonzales-De Valle argues that the IJ and the BIA overlooked or failed to properly consider expert evidence regarding her CAT claim. As the Government notes, in her motion to reconsider, Gonzales-De Valle raised the argument that, in assessing her CAT claim, the IJ and the BIA had disregarded her expert reports. In her brief on appeal to the BIA, however, she made a different argument. She claimed that the IJ had failed to consider her expert evidence in evaluating the cognizability of her PSG of Salvadoran women, which is not relevant to her CAT claim. Gonzales-De Valle does not address this discrepancy in her reply brief.

As the BIA explained, "a motion to reconsider is not a second opportunity to submit an appellate brief in response to an [IJ's] decision." Because Gonzales-De Valle could have raised her argument regarding consideration of expert evidence in support of her CAT claim on appeal to the BIA, but did not, the BIA did not abuse its discretion in failing to consider the argument when she raised it for the first time in her motion to reconsider. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

\*     \*     \*

For these reasons, the petition for review is DENIED.