# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60140
Summary Calendar

————————

San Juana Alvarez-De Sauceda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A091 374 218

————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

San Juana Alvarez-De Sauceda, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA), denying reconsideration of its denial of a number barred motion to reopen.

————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60140

This court reviews the BIA's denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). As long as the BIA's decision "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," it will be upheld. *Id.* (internal quotation marks and citation omitted).

Alvarez-De Sauceda argues that the BIA committed legal error when it found that her Notice to Appear (NTA), which failed to include the date and time of her removal hearing, vested the immigration court with jurisdiction over her removal proceedings. She acknowledges, however, that her jurisdictional argument based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), runs counter to this court's binding precedent in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-80 (2021), and *Maniar v. Garland*, 998 F.3d 235 (5th Cir. 2021), but states that she is raising the issue to preserve it for further review.

This court held in *Pierre-Paul* that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings. 930 F.3d at 691-93. Though the Supreme Court's decision in *Niz-Chavez* abrogated *Pierre-Paul* in part, this court confirmed in *Maniar* that the jurisdictional holding from *Pierre-Paul* remains "the law of [this] circuit," even after *Niz-Chavez. See Maniar*, 998 F.3d at 242 n.2. Thus, there is no merit to Alvarez-De Sauceda's contention that the immigration court lacked jurisdiction over her removal proceedings. *See Pierre-Paul*, 930 F.3d at 693.

Alvarez-De Sauceda further argues that the BIA erred in finding that she was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3) based on her prior conviction for the Texas felony offense of possession of 50 pounds or less but more than five pounds of marijuana,

2

which the BIA deemed an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); *see also* TEXAS HEALTH & SAFETY CODE § 481.121(a) and § 481.121(b)(4). The Government initially moved this court to remand the case to the BIA in lieu of briefing so that the BIA could consider the impact, if any, of *Arce-Vences v. Mukasey*, 512 F.3d 167 (5th Cir. 2007), on its determination that Alvarez-De Sauceda's marijuana conviction constituted an aggravated felony. We ordered that the motion be carried with the case and briefing resumed. The Government now argues in its brief that remand would be futile in light of this court's recent decision in *Djie v. Garland*, 39 F.4th 280 (5th Cir. 2022), because Alvarez-De Sauceda's motion to reopen is number barred, and there is no statutory basis for the BIA to grant a number barred motion to reopen.

Here, Alvarez-De Sauceda sought reconsideration of the BIA's denial of her second motion to reopen, arguing that the BIA committed legal error in determining that she was statutorily ineligible for cancellation of removal based on her prior conviction for possession of marijuana, which the BIA deemed an aggravated felony under § 1101(a)(43)(B). Even if we were to assume that *Arce-Vences* rendered the BIA's characterization of Alvarez-De Sauceda's marijuana conviction erroneous, applying the reasoning in *Djie*, remand to the BIA would be futile because § 1229a(c)(7)(A) bars her motion to reopen. *See* 39 F.4th at 288. As such, her petition for review must be denied, not remanded. *See id*. The Government's motion to remand is likewise denied.

Finally, Alvarez-De Sauceda challenges the BIA's refusal to exercise its discretionary authority to reopen her removal proceedings sua sponte based on her argument that the BIA erred in characterizing her marijuana conviction as an aggravated felony. This court has long held that it lacks jurisdiction to review challenges to the BIA's decision not to exercise its authority to reopen removal proceedings sua sponte. *See id*.

No. 22-60140

The petition for review is DENIED in part and DISMISSED in part. The Government's unopposed motion to remand is DENIED.