# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60441
Summary Calendar

———————

Ahmed Kharkhouch,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A221 106 940

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ahmed Kharkhouch, a native and citizen of Morocco, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider and his motion to reopen his proceedings based on changed country conditions. We review the denial of a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60441

872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). This standard requires a ruling to stand as long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). Motions to reopen are likewise reviewed under the "highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks and citations omitted).

Kharkhouch shows no error in connection with the BIA's determination that he failed to identify any errors of law or fact in its previous decision or the BIA's implicit rejection of his due process claim. *See Platero-Rosales v. Garland*, 55 F.4th 974, 977 (5th Cir. 2022). Insofar as he asserts due process claims against the BIA, his arguments fail because aliens have no due process rights with respect to the discretionary remedy of reconsideration. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 425 (2023); *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019).

Next, the BIA did not abuse its discretion in denying Kharkhouch's motion to reopen based on changed country conditions. *See Inestroza-Antonelli v. Barr*, 954 F.3d 813, 816 (5th Cir. 2020). And his complaint that the BIA did not consider all relevant evidence is refuted by the record, which shows that his arguments and evidence were given the attention they warranted. *See L.N. v. Garland*, 109 F.4th 389, 396 (5th Cir. 2024). Kharkhouch argues in his reply brief that the BIA erred and violated his due process rights by not considering the merits of his reopening claims on the basis that he failed to file an application for relief. However, the BIA did consider the merits of his claim, and, regardless, his due process argument is not cognizable. *See Ramos-Portillo*, 919 F.3d at 963. The petition for review is DENIED.

2