# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 21-60921
Summary Calendar

Armando Matadi,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 540 427

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Armando Matadi, a native and citizen of Angola, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motions to reopen his removal proceedings and to reconsider its prior decision affirming the immigration judge's (IJ's) denial of asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal, and protection under the Convention Against Torture (CAT). He has also filed a motion to supplement the administrative record and to remand.

This court reviews the denial of both a motion to reopen and a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). As long as the BIA's decision "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," it will be upheld. *Id.* (internal quotation marks and citation omitted).

The BIA's factual findings are reviewed for substantial evidence and its rulings of law are reviewed de novo. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Gomez-Palacios*, 560 F.3d at 358.

Matadi argues that the BIA erred in determining that the State Department's 2019 International Religious Freedom Report for Angola was insufficient to support reopening based on changed country conditions. He focuses on the fact that the State Department report reflects an increase in church closures by the Angolan government as compared to 2018. As Matadi acknowledges, however, the 2019 report also states that some of the churches later received authorization to reopen. In any event, incremental changes in country conditions are insufficient to warrant reopening. *Nunez v. Sessions*, 882 F.3d 499, 508-09 (5th Cir. 2018). As such, the BIA reasonably determined that the religious freedom report did not show material changes

in Angola's country conditions that would warrant reopening of the removal proceedings. *See Omagah*, 288 F.3d at 258.

Next, Matadi argues that the BIA erred in finding that the "new" evidence of his 2019 criminal prosecution in Angola did not warrant reopening on the basis of changed country conditions. This court has consistently held that a change in personal circumstances does not constitute changed country conditions. *See*, *e.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 362 (5th Cir. 2022); *Singh v. Lynch*, 840 F.3d 220, 222-23 & n.2 (5th Cir. 2016). Here, the BIA reasonably found that reopening was not warranted because the evidence of Matadi's criminal prosecution in Angola represented only a change in his personal circumstances and not a material change in country conditions. *See Omagah*, 288 F.3d at 258.

Additionally, Matadi argues that the BIA erred in denying reopening of his CAT claim based on the Attorney General's decision in *Matter of O-F-A-S-*, 28 I. & N. Dec. 35 (U.S. Att'y Gen. 2020). Although Matadi styled his motion as seeking reopening, the motion relied solely on a change in the law; therefore, it is properly construed as a motion for reconsideration. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 286 (5th Cir. 2021), *cert. denied*, 2022 WL 4651375 (U.S. Oct. 3, 2022) (No. 21-1323).

Matadi was limited to filing only one motion for reconsideration, and he was required to do so "within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(A)-(B). Since he had already filed a motion for reconsideration, his motion based on *Matter of O-F-A-S-* was number barred. *See* § 1229a(c)(6)(A). The motion was also apparently time barred as it was filed more than 30 days after his removal order. *See* § 1229a(c)(6)(B); *but see Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017) (discussing possibility of equitable tolling until discovery of decision prompting the motion). In any event, Matadi has not shown that the BIA abused its discretion in denying relief based on its conclusion that

*Matter of O-F-A-S-* did not undermine the IJ's findings supporting the denial of CAT protection. *See Lowe*, 872 F.3d at 715.

Following the completion of briefing in this case, Matadi filed a motion to supplement the record and to remand. He asserts that the administrative record filed in this court omitted two documents filed with the BIA: (1) a reply brief in support of one of his motions to reopen and (2) a motion renewing his request for a stay of removal that also sought to supplement his then-pending motions to reopen and reconsider. Matadi also moves to remand, arguing that it is unclear whether the BIA considered an argument that he made in his reply brief given that his reply was not included in the administrative record filed in this court. The Government does not oppose Matadi's motion to supplement the record, but it does object to remanding the case to the BIA.

The Government argues that remand should be denied because this court lacks jurisdiction to consider Matadi's argument regarding the BIA's purported failure to consider his reply brief where he did not raise it in his opening brief before this court. The failure to raise an argument in an opening brief generally waives the argument on appeal. *See Lockett v. EPA*, 319 F.3d 678, 684 n.16 (5th Cir. 2003). Nonetheless, the Government does not offer any support for its assertion that a waived issue presents a jurisdictional defect.

In any event, remand to the BIA is not warranted; even if Matadi's reply brief was somehow lost and not before the BIA, the Government's statement in its response regarding worsening conditions related to religious freedom in Angola was before the BIA, and the BIA specifically acknowledged the Government's response to Matadi's motions in its November 10, 2021 decision. The BIA also explicitly referenced Matadi's June 18, 2020 motion to reopen and the attached "new international religious freedom report."

No. 21-60921

Based on the foregoing, the motion to supplement the record on appeal is GRANTED, the motion to remand is DENIED, and the petition for review is DENIED.