United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60859
Summary Calendar

BALBINO CERDA VELASQUEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 209 037
--------------------

Before JOLLY, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Balbino Cerda Velasquez petitions this court for review of
the Board of Immigration Appeals' (BIA's) decision denying his
motion to terminate removal proceedings. For the first time in
his petition for review, Velasquez argues that the Department of
Homeland Security (DHS) violated his due process rights by
failing to advise him prior to his applying for advance parole
that the immigration judge would lack jurisdiction to adjudicate
during his removal proceedings any application for adjustment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

status he might file because he did not have such an application already pending when he was paroled. Velasquez additionally urges, as he did below, that he is eligible for adjustment of status based on unwritten, internal DHS policy.

The BIA's decision not to terminate its proceedings is reviewed under an abuse of discretion standard. See Gottesman v. INS, 33 F.3d 383, 388 (4th Cir. 1994). Velasquez's unexhausted due process argument was raised for the first time in his petition for review and we therefore lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). Internal DHS memoranda are not binding on the BIA, In re Tijam, 22 I&N Dec. 408, 416 (BIA 1998), and, therefore, Velasquez has not shown an abuse of discretion on the part of the BIA.

PETITION DENIED.