# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-60126
Summary Calendar

MOHAMMAD IRFAN KHAN; UZMA IRFAN MUHAMMAD, also known as Uzma Irfan Khan,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioners Mohammad Irfan Khan ("Khan") and his wife Uzma Irfan Muhammad ("Muhammad") have petitioned for review of a final order of removal. Khan and Muhammad entered the United States in 1993 and 1996, respectively, on non-immigrant temporary visitor visas. Both are citizens and natives of Pakistan. In 2005, Khan and Muhammad were served with Notices to Appear, charging them as removable for having stayed in the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for longer than permitted. Before an Immigration Judge ("IJ"), petitioners conceded removability as charged in their Notices to Appear. Khan and Muhammad applied for cancellation of removal, arguing that removal would result in exceptional hardship to their two minor children, both of whom are United States citizens. The IJ denied Muhammad's motion to sever her application from her husband's and for a continuance. As to Khan, the IJ ruled that he failed to demonstrate that removal would result in exceptional and extremely unusual hardship to his children.[1] As to Muhammad, the IJ ruled that she failed to meet the continuous presence requirement because she admitted to having departed the United States for a period in excess of 90 days. The BIA affirmed these rulings and dismissed the appeal. For the reasons set forth below, we dismiss the petition in part for lack of jurisdiction, and deny the remainder of the petition on the merits.

"The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the Untied States if the alien . . . has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application [and] establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(A) & (D). "An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsection[] (b)(1) . . . of this section if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." *Id.* § 1229b(d)(2).

---

[1] The IJ alternatively determined that Khan failed to satisfy the continuous presence requirement. The BIA did not address this ruling of the IJ, affirming only on the basis of the IJ's ruling that Khan failed to show that removal would result in a hardship to his children.

We generally lack jurisdiction to review the denial of an application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . of this title."); *Martinez v. Mukasey*, 508 F.3d 255, 257-58 (5th Cir. 2007) ("Under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the IJ's discretionary decisions under 8 U.S.C. § 1229b."). We therefore lack jurisdiction over the petition to the extent Khan challenges the dispositive finding that his removal will not result in an exceptional hardship to his children, *see Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007), and dismiss the petition for review to the extent it challenges his removal order.[2]

However, we "retain[] jurisdiction over purely legal and nondiscretionary questions." *Wilmore v. Gonzales*, 455 F.3d 524, 526 (5th Cir. 2006); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003) (holding that § 1252(a)(2)(B)'s "ban on review of 'judgment[s] regarding the granting of relief' precludes review of only *discretionary* decisions.") "[W]hether an alien satisfies the continuous presence requirement is a nondiscretionary determination

---

[2] We retain jurisdiction over Khan's challenge to the extent it presents a constitutional claim or question of law. *See Sung*, 505 F.3d at 372. Khan argues the IJ's ruling that he lacked continuous presence resulted in the deprivation of due process. However, this ruling was not part of the BIA's decision, and his due process challenge is therefore not properly before the court. *See Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006) ("We have authority to review only the decision of the BIA," unless "the BIA summarily affirms the IJ's decision without opinion.").

Khan also argues that, in other similar cases, the BIA has found that removal of a parent would cause exceptional hardship to the citizen children. The failure of the BIA to reach that conclusion here, he contends, resulted in a denial of equal protection. Khan has failed to explain why this purportedly disparate treatment violates his rights to equal protection; instead, he has provided only a conclusory allegation that he was denied equal protection. Accordingly, we find this argument waived for failure to adequately brief the issue. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *see also* Fed. R. App. P. 28(a)(9)(A). Moreover, Khan's equal protection argument is an attempt to cloak the non-reviewable, discretionary decision to deny cancellation of removal in a legal framework, and cannot create jurisdiction where it is otherwise lacking. *See Falek v. Gonzales*, 475 F.3d 285, 289 n.2 (5th Cir. 2007); *Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006).

because it involves straightforward statutory interpretation and application of law to fact." *Mireles-Valdez*, 349 F.3d at 217. Thus, we have jurisdiction to review whether Muhammad was ineligible for cancellation because she lacked the required continuous presence. *See id.*

There was no error in the ruling that Muhammad had departed the United States for a continuous 90-day period. "Administrative findings of fact are conclusive unless a petitioner can show that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). Muhammad testified before the IJ that she left the United States in 1996 for a period of "six to seven months." ROA at 198. Khan also testified that his wife left the United States beginning in January 1996 and continuing until "October or November of 1996." ROA at 162-63. This evidence more than adequately supports the BIA's conclusion that Muhammad is statutorily ineligible for cancellation of removal, and Muhammad has pointed to no evidence compelling the contrary conclusion. Muhammad has also not shown that she is eligible for an exception to the continuous presence requirement. We therefore deny the petition for review to the extent it challenges Muhammad's removal order.[3]

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.

---

[3] Muhammad also argues the BIA erred in affirming the IJ's denial of the motion to sever her application for cancellation of removal from Khan's and for a continuance. We review this decision for abuse of discretion. *See Witter v. INS*, 113 F.3d 59, 555-56 (5th Cir. 1997). Because Muhammad failed to show any entitlement to cancellation of removal—and in fact conceded facts making her statutorily ineligible for cancellation—we find no abuse of discretion in the denial of her motion to sever or in the denial of a continuance. *See Ahmed v. Gonzales*, 447 F.3d 433, 438 (5th Cir. 2006).