# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2020

Lyle W. Cayce
Clerk

No. 19-60506
Summary Calendar

Ivani Magalhaes Nascimento,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 902 254

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Ivani Magalhaes Nascimento seeks review of the Board of Immigration Appeals (BIA) order denying her motion to reconsider and remand to the Immigration Judge (IJ) or terminate the removal proceedings. Motions to reconsider are reviewed "under a highly deferential abuse-of-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). A BIA ruling denying a motion to remand that the alien filed after the BIA entered a decision on direct appeal is properly treated like a motion to reopen, *see Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001), which is also reviewed for abuse of discretion, *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005), as is a decision not to terminate proceedings, *Velasquez v. Gonzales*, 239 F. App'x 68, 69 (5th Cir. 2007). The BIA "abuses its discretion when it issues a decision which is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero*, 772 F.3d at 1021.

The BIA found Nascimento's motion to reconsider untimely, because it was filed more than 30 days after the BIA's decision for which Nascimento sought reconsideration, and because Nascimento failed to specify any legal or factual error in the decision. *See* 8 U.S.C. § 1229a(c)(6)(B), (C); 8 C.F.R. § 1003.2(b)(1), (2). The BIA also found that Nascimento's continuous presence in the United States ended in 2005, such that she could not establish the requisite 10 years of continuous presence for cancellation of removal, which was the basis of her request for remand. As Nascimento does not challenge, or even acknowledge, these bases for denial in her briefing, she has waived the issues. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

With respect to Nascimento's alternative request to terminate the removal proceedings, the BIA concluded that even if the motion for reconsideration was not time-barred and was statutorily compliant, her argument in support of reconsideration and termination—that the IJ lacked jurisdiction to enter the in absentia removal order—was foreclosed by BIA and Fifth Circuit precedent. The BIA did not abuse its discretion in

determining that Nascimento's argument that the IJ lacked jurisdiction to enter the in absentia order in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), was foreclosed. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-91 (5th Cir. 2019), *cert. denied*, No. 19-779, 2020 WL 1978950 (U.S. Apr. 27, 2020); *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019); *Fuentes-Pena v. Barr*, 917 F.3d 827, 830 & n.1 (5th Cir. 2019). We lack jurisdiction to consider Nascimento's argument, raised for the first time on appeal, that she is relieved of her burden to inform the immigration court of a change of address when, as here, the Department of Homeland Security is aware that the address on the notice to appear (NTA) is not a valid residential address. *See, e.g., Nunez v. Sessions*, 882 F.3d 499, 505 n.2 (5th Cir. 2018) (holding that alien failed to exhaust claim that an NTA was defective for not specifying a date or time of the hearing).

Petition DENIED in part and DISMISSED in part for lack of jurisdiction.