# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60472
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2023

Lyle W. Cayce
Clerk

Saira Yanira Cunza-Pashaca; Edgardo Josue Valencia-Cunza,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A215 929 763,
A215 929 764

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Petitioner Saira Yanira Cunza-Pashaca, a native and citizen of El Salvador, entered the United States illegally with her son in 2018. She petitions for review of the Board of Immigration Appeals' ("BIA") decision that dismissed her appeal and affirmed the immigration judge's ("IJ") denial

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60472

of her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

## I.     Factual and Procedural Background

During her asylum hearing before the IJ, Cunza-Pashaca proposed two particular social groups ("PSGs"): (1) El Salvadoran women and (2) El Salvadoran women who are seen as property by their spouse. The IJ allowed Cunza-Pashaca to go forward with the first PSG but not the second because she had failed to file a brief identifying her PSGs 30-days prior to the hearing as ordered by the IJ. The IJ also stated that there was no indication in Cunza-Pashaca's asylum application that she was seeking relief based on the PSG of El Salvadoran women who are seen as property by their spouse. The IJ then turned to the merits of Cunza-Pashaca's asylum claim and concluded that she had failed to establish the requisite nexus between the harm she suffered in El Salvador and her PSG of El Salvadoran women.

Prior to presenting testimony, Cunza-Pashaca moved to have her son's case severed from hers. Her attorney explained that the state of Louisiana had issued the ruling needed for Cunza-Pashaca's son to obtain special juvenile status on January 18, 2019. The IJ questioned the timeliness of the request given that special status had been granted months prior to the scheduled hearing, yet no motion to sever had been made until the day of the hearing. The DHS opposed the motion. The IJ denied the motion, determining that it was "simply a delaying tactic" given that there was "ample opportunity" to timely file a motion. The IJ questioned "[w]hy this matter couldn't have been brought forward within a timely fashion, certainly

---

[1] Because Cunza-Pashaca is the lead petitioner and her son's claims for immigration relief are derivative of her claim, we will refer only to Cunza-Pashaca unless otherwise specified.

within the 15 days envisioned by the practice manual, much less the 60-day continuance deadline" and ultimately found that there was "no good cause" to allow the untimely motion to sever.

Cunza-Pashaca appealed the IJ's decision to the BIA and renewed her request to sever her son's case from her appeal. The BIA considered only the PSG of El Salvadoran women as the basis for Cunza-Pashaca's claim for relief from removal, concluding that Cunza-Pashaca had not challenged the IJ's refusal to evaluate the second PSG of El Salvadoran women who are seen as property by their spouse. The BIA agreed with the IJ's determination that no nexus existed between the harm Cunza-Pashaca suffered and her membership in a PSG. The BIA explained that Cunza-Pashaca "was [the] victim of private criminal activity at the hands of her husband." The BIA determined that she had not met her burden of establishing eligibility for asylum or withholding of removal. Because the IJ's nexus finding was dispositive, the BIA did not consider Cunza-Pashaca's remaining arguments related to her eligibility for asylum and withholding of removal. Cunza-Pashaca timely appealed.

## II.    Law and Analysis

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed *de novo*. *Id*. at 517–18. This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Id*. at 518.

### A. The BIA's Asylum and Withholding of Removal Determination

On appeal, Cunza-Pashaca contends that she is eligible for asylum and withholding of removal based on her membership in the PSG of "El

Salvadoran women seen as property by their spouse." However, Cunza-Pashaca did not challenge the IJ's refusal to consider this PSG in her appeal to the BIA. Therefore, the government contends that this court lacks jurisdiction to consider the IJ's refusal to consider the PSG of "El Salvadoran women seen by property by their spouse," citing this court's long-held view that the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is jurisdictional in nature.

Recently, the U.S. Supreme Court granted certiorari to consider whether the exhaustion requirement is jurisdictional and whether a new error by the BIA must be raised in a motion to reconsider. *Santos-Zacaria v. Garland*, 22 F.4th 570, 573 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 82 (2022). In *Santos-Zacaria v. Garland*, the Supreme Court overruled our circuit's view that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is jurisdictional in nature. 143 S. Ct. 1103, 1120 (2023). The Court held that the exhaustion requirement is instead a claim-processing rule. *Id*. at 1113–14. However, neither the Supreme Court nor our court has decided whether § 1252(d)(1) is a *mandatory* claim-processing rule. *See Carreon v. Garland*, 71 F.4th 247, 257 n.11 (5th Cir. 2023). We previously held that "[a] claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1844 (2019) (citation omitted). Since the government here properly raised exhaustion, we need not decide whether § 1252(d)(1) requires us to do so. *Id*. at 1849. We agree that the issue is unexhausted and therefore decline to reach it.

Cunza-Pashaca also states, but does not argue beyond stating the issue, that she is eligible for asylum and withholding of removal based on her membership in the PSG of El Salvadoran women, which was the only proposed social group considered by the BIA. She has therefore abandoned that issue. *See Chambers v. Mukasey,* 520 F.3d 445, 448 n.1 (5th Cir. 2008)

(stating that a petitioner fails to brief an issue by merely listing it without further argument); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating that issues not briefed are abandoned). Because the BIA's no-nexus finding is dispositive and there were no other administratively-exhausted protected grounds before the BIA, Cunza-Pashaca cannot show that she is eligible for asylum or withholding of removal. *See Majd*, 446 F.3d at 595.

### B.  *Cunza-Pashaca's Motion to Sever*

Cunza-Pashaca asserts that the denial of her motion to sever constituted an abuse of discretion. She does not dispute the fact that her attorney waited until the day of the hearing on the merits of her asylum application to make an oral motion to sever her son's case, despite the requirement in Chapter 3.1(b)(i)(A) of the Immigration Court Practice Manual that "filings must be submitted at least fifteen (15) days in advance of the hearing if requesting a ruling prior to the hearing." *See* https://tinyurl.com/yckrpuhr (Chapter 3.1(b)(i)(A)). Rather, Cunza-Pashaca contends that the IJ should have ignored the untimeliness of the motion and "focused on the merits." Cunza-Pashaca maintains that such motions are routinely brought the day of the hearing in the New Orleans immigration court and that the IJ erred in holding that the motion was a form of "gamesmanship" or "a delaying tactic."  The government counters that this court lacks jurisdiction to consider the IJ's denial of Cunza-Pashaca's motion to sever her son's claims from her case.

This court reviews questions of law regarding jurisdiction *de novo*. *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513 (5th Cir. 2006) (citations omitted). Contrary to the government's assertion, we have jurisdiction to review that question under the abuse-of-discretion standard. *See Khan v. Holder*, 353 F. App'x 897, 899 n.3 (5th Cir. 2009) (reviewing the denial of a severance for abuse of discretion); *see also Witter v. INS*, 113 F.3d 549, 555

(5th Cir. 1997) (reviewing the disposition of a motion for continuance for abuse of discretion). Under the abuse-of-discretion standard, an agency decision will be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (internal quotation marks and citation omitted). "The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so." *Id.* (internal quotation marks and citation omitted).

Cunza-Pashaca has not satisfied her burden of showing that the IJ and the BIA acted in an arbitrary and capricious manner in denying her request to sever her son's case. *See Galvez-Vergara*, 484 F.3d at 801. The IJ noted the 15-day deadline prior to finding "no good cause" for Cunza-Pashaca's untimely motion to sever. Again, Cunza-Pashaca does not meaningfully challenge the IJ's reliance on the filing deadline set out in the Immigration Court Practice Manual, instead claiming that the IJ should have ignored the untimeliness of the motion and "focused on the merits." Cunza-Pashaca also fails to address the BIA's determination that, despite the DHS's approval of her son's petition for special immigration juvenile status, the "priority date [was] not current, he [did] not have an immediately available visa number, and it [was] not clear when a visa number [would] become available to him," and that therefore there was no basis to grant Cunza-Pashaca's renewed motion to sever. We conclude that Cunza-Pashaca has not shown that the agency acted in an arbitrary and capricious manner in denying her request to sever her son's case. *See Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

No. 22-60472

### *C. The BIA's Denial of CAT Relief*

Cunza-Pashaca claims that the BIA erred in denying CAT relief because it is more likely than not that she "would be subjected to severe physical pain or death" at her husband's hand if removed to El Salvador. She also appears to argue that, given her husband's family connections within the police force, she would be harmed and left unprotected in El Salvador.

Even though Cunza-Pashaca described physical abuse by her husband, the record does not compel the reversal of the BIA's determination that such abuse did not rise to the level of torture, *see Orellana-Monson*, 685 F.3d at 518. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). Neither does the record likewise compel the reversal of the BIA's adoption of the IJ's findings with regard to government acquiescence. *See Orellana-Monson*, 685 F.3d at 518. Cunza-Pashaca's own testimony reflects that she was able to report her husband's abuse to a patrol officer in El Salvador. Her "speculation that the police might not prevent" her husband's abuse is insufficient to support her CAT claim. *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).

### III.    Conclusion

Cunza-Pashaca's petition for review is DENIED.