# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60262
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

Luis Angel Trujillo-Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 990 998

————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Luis Angel Trujillo-Perez, federal prisoner # 02419-506, a native and citizen of Cuba, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge denying his motion to reconsider the denial of his request to terminate proceedings and ordering him removed.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60262

The denial of a motion to terminate is reviewed for an abuse of discretion. *Alvarado-Ruiz v. Garland*, No. 22-60240, 2023 WL 1965432, 1 (5th Cir. Feb. 13, 2023) (unpublished); *Guardado-Guardado v. Garland*, No. 22-60103, 2023 WL 1433612, 1 (5th Cir. Feb. 1, 2023) (unpublished); *Velasquez v. Gonzales*, 239 F. App'x 68, 69 (5th Cir. 2007) (citing *Gottesman v. INS*, 33 F.3d 383, 388 (4th Cir. 1994)).[1] Under this standard, we will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (internal quotation marks and citation omitted). Motions to reconsider are reviewed under this same standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

Trujillo-Perez has not met this standard. As the BIA explained, his 18 U.S.C. § 2252 conviction rendered him removable because it is listed as a qualifying offense in 8 U.S.C. § 1101(a)(43)(I) and 8 U.S.C. § 1227(a)(2)(A)(iii), and his arguments concerning generic elements of an offense are misplaced. Because this determination is a sufficient basis for removability, there is no need to consider his arguments concerning 8 U.S.C. § 1227(a)(2)(E)(i). *See Maniar v. Garland*, 998 F.3d 235, 239-40 (5th Cir. 2021); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because "there can be no substantial question as to the outcome of the case," *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary disposition is GRANTED, and the petition for review is DENIED.

---

[1] *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (explaining that unpublished opinions issued on or after January 1, 1996, are not binding precedent but may be persuasive authority); 5TH CIR. R. 47.5.4.