# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

No. 25-60135
Summary Calendar

---

ALLAN JOSUE SEGURA-FLORES; NILDA IVETTE ANDINO-RAMOS;
MIA SOFIYA SEGURA-ANDINO; DIEGO JOSUE SEGURA-ANDINO;
ALYSON GABRIELA MARTINEZ-ANDINO,

*Petitioners*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A213 308 951,
A213 308 952, A213 308 953,
A213 308 959, A213 308 999

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Allan Josue Segura-Flores, Nilda Ivette Andino-Ramos, Mia Sofiya
Segura-Andino, Diego Josue Segura-Andino, and Alyson Gabriela Martinez-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60135

Andino are natives and citizens of Honduras. They petition for review of the decision of the Board of Immigration Appeals (BIA) denying Martinez-Andino's motion to sever and terminate her removal proceedings and dismissing the petitioners' appeal of an order of the immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Their claims of asylum and withholding of removal were based on the protected ground of membership in a particular social group (PSG), namely, "Honduran Business Owners."

The petitioners do not brief, and have therefore abandoned, any challenge to the BIA's determination that they waived any claims concerning the denial of CAT relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Questions of law are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The petitioners have not shown that the BIA erred in concluding that their proposed PSG was not cognizable. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016). They thus cannot demonstrate eligibility for asylum or withholding of removal. *See Orellana-Monson*, 685 F.3d at 522. Accordingly, we need not address their remaining arguments on those forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Next, the petitioners challenge the BIA's denial of Martinez-Andino's motion to sever and terminate her proceedings to apply for parole in place before the United States Citizenship and Immigration Services. We

No. 25-60135

review both the denial of a motion to sever and the denial of a motion to terminate for an abuse of discretion. *See Khan v. Holder*, 353 F. App'x 897, 899 n.3 (5th Cir. 2009) (citing *Witter v. INS*, 113 F.3d 549, 555-56 (5th Cir. 1997)); *Velasquez v. Gonzales*, 239 F. App'x 68, 69 (5th Cir. 2007) (citing *Gottesman v. INS*, 33 F.3d 383, 388 (4th Cir. 1994)).[1]

The petitioners have failed to meaningfully challenge the BIA's denial of the motion and have therefore abandoned the issue. *See Soadjede*, 324 F.3d at 833; FED. R. APP. P. 28(a)(8)(A). They have thus shown no abuse of discretion. *See Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

The petition for review is DENIED.

---

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).