# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2025

Lyle W. Cayce
Clerk

No. 25-60112
Summary Calendar

HECTOR I. PEREZ HERNANDEZ,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A072 513 025

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Hector I. Perez Hernandez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") denial of asylum and protection under the Convention Against Torture ("CAT"),

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

as well as the IJ's denial of his motion to terminate based on defects in the service of the notice to appear ("NTA") and the NTA itself.

The denial of a motion to terminate is reviewed for an abuse of discretion. *See Khan v. Holder*, 353 F. App'x 897, 899 n.3 (5th Cir. 2009) (unpublished) (citing *Witter v. INS*, 113 F.3d 549, 555–56 (5th Cir. 1997)); *Velasquez v. Gonzales*, 239 F. App'x 68, 69 (5th Cir. 2007) (unpublished) (citing *Gottesman v. INS*, 33 F.3d 383, 388 (4th Cir. 1994)).[1]

Perez Hernandez's challenge regarding the NTA is meritless. Our court held in *Pierre-Paul v. Barr*, 930 F.3d 684, 691–93 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 593 U.S. 155 (2021), that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings. Though the Supreme Court's decision in *Niz-Chavez* abrogated *Pierre-Paul* in part, our court has since confirmed that the jurisdictional holding from *Pierre-Paul* remains "the law of our circuit," even after *Niz-Chavez. Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Thus, no abuse of discretion has been shown.

Our court reviews the denial of asylum and CAT relief for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to the substantial evidence standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (citation modified) (emphasis in original). We review the IJ's order only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

One who seeks asylum or withholding must show that officials are unable or unwilling to protect her from persecution on account of a protected

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

ground. *Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021). One who seeks CAT relief must show she more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (citation modified). If an undocumented immigrant fails to establish any of the elements of asylum or CAT relief, the claim fails, and the court need not consider arguments concerning its remaining elements. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam)).

We have denied petitions for review challenging the BIA's conclusion that asylum and withholding were not warranted because an alleged persecutor was harming the petitioner for economic or criminal reasons. *See Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023) (criminal); *Garcia v. Holder*, 756 F.3d 885, 889 (5th Cir. 2014) (economic); *see also Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021) ("Threats or attacks motivated by criminal intentions do not provide a basis for protection."). Perez Hernandez cites nothing compelling a different result here. *See Zhang*, 432 F.3d at 344–45.

The BIA correctly stated that evidence regarding general country conditions does little to establish that a given individual will be tortured. *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Further, the BIA did not err in finding that the government's failure to prevent gang violence constitutes the requisite level of state action necessary for a CAT claim. *See Tamara-Gomez v. Gonzalez*, 447 F.3d 343, 351 (5th Cir. 2006) (reasoning that "neither the failure to apprehend the persons threatening the [undocumented immigrant], nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes of [CAT]"). Accordingly, Perez Hernandez does not show that the evidence

No. 25-60112

compels the conclusion that he will be singled out for torture by the government or with governmental acquiescence if repatriated to Guatemala. *See Zhang*, 432 F.3d at 344–45.

The petition for review is DENIED.