# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60230

———————

Deysi Patricia Villeda Chavez; Wilder Noe Villeda
Chavez,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review from the Board of Immigration Appeals
Agency Nos. A208 128 173,
A208 128 174

———————————————

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:[*]

At issue is whether the Board of Immigration Appeals (BIA) abused its discretion in denying Deysi Patricia Villeda Chavez and her minor, derivative-beneficiary son's motion for termination or, in the alternative, administrative closure. VACATED and REMANDED.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60230

I

Chavez and her son, natives and citizens of Honduras, on 1 October 2016 applied for admission into the United States at the Paso Del Notre Port-of-Entry in El Paso, Texas. The Department of Homeland Security (DHS) on 14 October 2016 issued them a Notice to Appear with a charge of removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (disallowing admission of alien not in possession of valid immigration documents).

After DHS opened removal proceedings, Chavez applied for asylum, withholding of removal, and protection under the Convention Against Torture. And after the Immigration Judge (IJ) denied all relief on 8 March 2022, she appealed to the BIA on 24 March 2022.

During the pendency of Chavez' appeal, the Executive Office for Immigration Review (EOIR)—an agency under the Department of Justice—on 29 May 2024 promulgated a final rule, providing, *inter alia*, that the BIA should consider additional listed factors when deciding to grant or deny termination and administrative closure. Efficient Case and Docket Management in Immigration Proceedings, 89 Fed. Reg. 46742–01, 46787–90 (29 May 2024). Notably, the final rule amended, *inter alia*, 8 C.F.R. § 1003.1 by adding these factors for the BIA's consideration. This regulation is central to the matter at hand.

Following EOIR's promulgating the final rule, Chavez on 17 July 2024 filed an unopposed motion to terminate the removal proceedings or, in the alternative, for their administrative closure. She asserted she was "likely to obtain [legal] status" because: she entered a valid marriage with a United States citizen on 8 September 2023; her husband filed a Form I-130 Petition for Alien Relative for both petitioners on 29 March and 13 May 2024; and both petitioners on 28 June 2024 filed applications for adjustment of status as arriving aliens, vesting jurisdiction with United States Citizenship and

No. 25-60230

Immigration Services (USCIS). In support of termination, she cited *In re Coronado Acevedo*, 28 I. & N. Dec. 648 (A.G. 2022). She failed to cite authority in support of administrative closure.

For both contentions, she did not reference the new factors listed in EOIR's final, but not yet effective, rule. It took effect on 29 July 2024—12 days after Chavez filed her motion. 89 Fed. Reg. at 46742; *see* 8 C.F.R. § 1003.1(l)(3)(i)(A)–(H) (providing administrative-closure factors), 1003.1(m)(1)(ii)(A)–(F) (providing discretionary-termination factors).

The BIA on 17 April 2025 dismissed her appeal and denied her motion, concluding *In re Coronado Acevedo* provided for termination in circumstances inapplicable to hers. It denied administrative closure "for the same reasons". The BIA, however, did not consider the new rule/factors.

## II

Chavez contends the BIA's denying her termination and administrative closure was an abuse of discretion. In addition, she asserts the denial of administrative closure violated due process; ignored judicial efficiency; ignored DHS' role in the proceedings; conflicted with agency regulations; and was arbitrary and capricious. The Government counters that the BIA: acted within its discretion in denying Chavez' motion; and comported with due process.

The denial of a termination motion is reviewed for abuse of discretion, *Velasquez v. Gonzales*, 239 F. App'x 68, 69 (5th Cir. 2007), as is denial of administrative closure, *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 208–09 (5th Cir. 2017). "The BIA abuses its discretion when it issues a decision that is[, *inter alia*,] . . . based on unexplained departures from regulations". *Navarrete-Lopez v. Barr*, 919 F.3d 951, 953 (5th Cir. 2019) (citation omitted).

No. 25-60230

## A

As noted, Chavez failed to cite 8 C.F.R. § 1003.1 in her motion filed in the BIA. Instead, as stated *supra*, she cited *In re Coronado Acevedo*. Although ordinarily we would not reach the issues because they are unexhausted, the Government "failed to raise exhaustion", so "any such objection is forfeited". *Carreon v. Garland*, 71 F.4th 247, 256 (5th Cir. 2023).

Moreover, Chavez failed to cite § 1003.1 in her opening brief here. Instead, she incorrectly cites 8 C.F.R. § 1003.18 (applying new rule to IJ)—an error the Government notes in its brief. Despite that, Chavez failed to file a reply brief addressing this contention by the Government.

This notwithstanding, her opening brief, although substandard, still contains her "contentions and the reasons for them", FED. R. APP. P. 28(a)(8)(A)—all of which address the substance of § 1003.1. Accordingly, we conclude her failures do not rise to the level of forfeiture. *See, e.g.*, *Kim v. Bondi*, No. 25-60211, 2025 WL 2860642, at *1 (5th Cir. 9 Oct. 2025) (concluding assertion forfeited where appellant "fail[ed] to support factual statements with citations to the record, fail[ed] to support legal propositions with pertinent legal authority, cit[ed] to incorrect pages of the record, and misstat[ed] the record"). We do, however, remind Chavez' counsel of the duty to provide "citations to the [correct] authorities . . . on which the appellant relies". FED. R. APP. P. 28(a)(8)(A).

## B

Having held we can consider Chavez' contentions, we now determine whether the BIA abused its discretion by denying her motion to terminate or, in the alternative, for administrative closure.

4

1

Termination motions allow an IJ or the BIA to "terminate [removal] proceedings . . . in . . . specific circumstances consistent with the law and applicable regulations". *In re S-O-G- & F-D-B-*, 27 I. & N. Dec. 462, 465 (A.G. 2018), *overruled on other grounds*, *In re Coronado Acevedo*, 28 I. & N. Dec. 648 (A.G. 2022). When determining whether to grant termination, the BIA must consider, if relevant, the factors provided in 8 C.F.R. § 1003.1(m)(1)(ii)(A)–(F).

"The [BIA] shall be governed by the provisions and limitations prescribed by applicable . . . regulations". § 1003.1(d)(1)(i). In adjudicating a discretionary-termination motion, the BIA is required to "consider the reason termination is sought and the basis for any opposition to termination when adjudicating the motion to terminate". *Id.* § 1003.1(m)(1)(ii). The BIA has discretion to "terminate the case upon the motion of a party where at least one of the requirements listed in paragraphs (m)(1)(ii)(A) through (F) . . . is met". *Id.* One of these requirements—which became effective 12 days before the BIA denied Chavez' termination motion—allows the BIA, in its discretion, to terminate removal proceedings if "[t]he alien is prima facie eligible for . . . lawful status". *Id.* § 1003.1(m)(1)(ii)(B). "[T]he [BIA] shall not grant the motion [on this factor] if it is opposed by DHS". *Id.*

In her unopposed motion in the BIA, Chavez cited *In re Coronado Acevedo*, 28 I. & N. Dec. 648, 648–49 (A.G. 2022), for the proposition that "USCIS ha[d] jurisdiction over the respondents because they [were] arriving aliens". Although she failed to cite § 1003.1(m)(1)(ii)(B), she stated "respondents seek termination of their removal proceedings because they have pending I-130 petitions and [adjustment of status] applications before USCIS". Asserting *prima facie* eligibility for adjustment-of-status, she stated "respondents are likely to obtain status and continuing . . . removal

proceedings would be a waste of valuable government resources". Moreover, attached to her motion were, *inter alia*: proof of the I-130s; a marriage certificate; and a joint bank account statement.

The BIA held "[n]one of [the] limited circumstances [enumerated in *In re Coronado Acevedo* were] present" and denied Chavez' termination motion. As noted, § 1003.1(m)(1)(ii) includes "aliens . . . prima facie eligible for . . . lawful status"—a factor not in effect when *In re Coronado Acevedo* was decided. § 1003.1(m)(1)(ii)(B). In fact, the Attorney General in *In re Coronado Acevedo* acknowledged that federal rulemaking on discretionary termination was ongoing at the time of the interim decision. *See* 28 I. & N. Dec. at 651–52 ("Pending the outcome of the rulemaking process, immigration judges and the Board should be permitted to consider and, where appropriate, grant termination in these types of limited circumstances." (quote at 652)).

Chavez' failing to cite § 1003.1(m)(1)(ii)(B) arguably makes the BIA's omission understandable, but her "reason termination [wa]s sought" is clear—she asserted *prima facie* eligibility for lawful status. § 1003.1(m)(1)(ii). "[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary". *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974); *see In re Alarcon*, 20 I. & N. Dec. 557, 562 (BIA 1992) (holding "[w]hen a law is changed before a decision is handed down by an administrative agency, the agency must apply the new law"). Applying § 1003.1(m)(1)(ii)(B)—the factor directly tied to Chavez' contention—would not result in "manifest injustice" but would instead assist her. Accordingly, the BIA's "unexplained departure[] from [§ 1003.1(m)(1)(ii)]" constituted an abuse of discretion. *Navarrete-Lopez*, 919 F.3d at 953 (citation omitted); *see In re Ponce De Leon-Ruiz*, 21 I. & N.

Dec. 154, 158 (BIA 1996) (en banc) ("The [BIA] is bound to uphold agency regulations".).

2

"Administrative closure is a docket management tool that is used to temporarily pause removal proceedings." *In re Cruz-Valdez*, 28 I. & N. Dec. 326 (A.G. 2021) (citation omitted). "It does not terminate or dismiss the case, but rather removes a case from an [IJ]'s active calendar or from the [BIA]'s docket." *Id.* (citation omitted).

When addressing an administrative-closure motion, the BIA must "consider the totality of the circumstances, including as many of the factors listed under paragraphs (l)(3)(i) and (ii) of th[e] section *as are relevant to the particular case*". 8 C.F.R. § 1003.1(l)(3) (emphasis added). Of the factors the court must consider, if relevant, is: "[a]ny requirement that a case be administratively closed in order for a petition, application, or other action to be filed with, or granted by, DHS". *Id.* § 1003.1(l)(3)(i)(C); *see In re B-N-K-*, 29 I. & N. Dec. 96, 98, 100–102 (BIA 2025) (analyzing administrative closure motion under § 1003.1(l)(3)(i)(C)). (USCIS is a component of DHS. *Patel v. Garland*, 596 U.S. 328, 333 (2022).)

The BIA "decline[d] to administratively close the proceedings for the same reasons [it declined to terminate the proceedings]". In doing so, it failed to analyze Chavez' administrative closure motion under § 1003.1(l)(3)(i)(C). This factor was "relevant to the particular case", § 1003.1(l)(3)(i), because she and her son filed applications for change of status with USCIS and were awaiting disposition. Again, the BIA's "unexplained departure[] from [§ 1003.1(l)(3)(i)]" was an abuse of discretion. *Navarrete-Lopez*, 919 F.3d at 953 (citation omitted).

No. 25-60230

## C

As noted, Chavez presents other contentions regarding the BIA's denying her administrative-closure motion. Because our resolution of her first two contentions is dispositive, we need not reach her remaining contentions. *See, e.g.*, *Audler v. Astrue*, 501 F.3d 446, 449 (5th Cir. 2007) (declining to reach additional assertions).

## III

For the foregoing reasons, the BIA's order denying the motion for termination or, in the alternative, administrative closure is VACATED, and we REMAND this matter to the BIA with instructions to reconsider the motion consistent with this opinion, including in the light of the relevant factors provided in 8 C.F.R. § 1003.1.

Judge Jones dissents.