# United States Court of Appeals for the Fifth Circuit

---

No. 25-60087
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

Samuel Njoroge,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 881 695

---

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Samuel Njoroge, a native and citizen of Kenya, engaged in immigration proceedings since 2010 and ordered removed in 2015, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reconsider the denial of his motion to reopen. The BIA denied his motion to reconsider because it was based on numerous contentions he failed to raise in his motion to reopen.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60087

The BIA's denying a motion to reconsider is reviewed under a "highly deferential abuse-of-discretion standard". *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (citation omitted). Our court will affirm so long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

Njoroge's contentions fail because, as the BIA concluded, he failed to raise them in his motion to reopen. *See In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied."). Accordingly, he fails to show the BIA's decision was an abuse of discretion. *Lowe*, 872 F.3d at 715.

For the first time on petition for review, Njoroge asserts various due-process violations by the BIA, claiming it: "create[d] an impermissible catch-22" by refusing to consider his equitable tolling and filing-deadline contentions; mischaracterized the relief sought as adjustment of status rather than cancellation of removal; engaged in improper factfinding; and made myriad errors in denying his motion to reopen and dismissing his 2015 appeal. His contentions also fail.

Because Njoroge claims only that the BIA's factual and legal errors resulted in the erroneous denial of discretionary relief, his due-process claim fails. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Moreover, there are no outstanding petitions for review stemming from the BIA's denying his motion to reopen and dismissing his 2015 appeal. *E.g.*, *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1027 (5th Cir. 2016) ("Separate petitions for review are

No. 25-60087

required to challenge the resolution of each motion to reopen and reconsider.").

DENIED.